United States District Court
Southern District of Texas

**ENTERED**

May 11, 2016

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-11-61-13 |
| v. | § | |
| | § | CIVIL ACTION H-15-3308 |
| MICHAEL DUSHON DUNCAN | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Michael Dushon Duncan, a federal inmate proceeding *pro se*, filed a section 2255 motion to vacate, set aside, or correct his sentence.  (Docket Entry No. 766.) The Government filed a response and a motion to dismiss on January 11, 2016, and served defendant a copy of the motion that same day.  (Docket Entry No. 769.)  The Court had ordered Defendant to file a response to any motion to dismiss within thirty days thereafter (Docket Entry No. 767, p. 1), but Defendant failed to file a response, and the motion to dismiss is deemed uncontested.

Based on consideration of the pleadings, the motions, the record, and the applicable law, the Court GRANTS the motion to dismiss and DENIES the section 2255 motion, as follows.

### *Procedural Background and Claims*

On April 5, 2012, pursuant to a written plea agreement, Defendant pleaded guilty to three counts of conspiring to violate the laws of the United States by committing bank robbery in Pearland, Texas, on December 31, 2010, and discharging (and aiding and abetting

the discharge of) a firearm during a crime of violence (namely, bank robbery).  This Court found that Defendant's plea was voluntary, and that he was fully competent to enter it. The Court also found that the guilty plea was knowing and was supported by an independent basis in fact containing all the essential elements of the offense.

At the sentencing hearing on August 13, 2013, the Court concluded that a sentence at the low end of the Guidelines range was "sufficient but not greater than necessary to satisfy the sentencing objectives established by the Guidelines" and sentenced Defendant to an aggregate term of 207 months' imprisonment.  Defendant's direct appeal of the conviction and sentence was dismissed as frivolous by the Fifth Circuit Court of Appeals on October 10, 2014, pursuant to *Anders v. California*, 368 U.S. 738 (1967).

Defendant filed this section 2255 motion on November 9, 2015, claiming that trial counsel provided ineffective assistance of counsel in (1) not objecting to the application of three specific offense characteristics in the calculation of the offense level, and (2) not objecting to the charge of discharging a firearm.  The Government contends that these claims were waived by the written plea agreement and should be dismissed.  The Government argues in the alternative that the claims are without merit.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the

district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Moreover, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default, and actual prejudice resulting from the error. *Placente*, 81 F.3d at 558.

### *Plea Agreement Waiver*

A knowing and voluntary waiver of the right to collaterally attack a judgment or sentence bars a motion pursuant to section 2255.[1] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). When determining whether a plea or waiver was knowing or voluntary, a defendant's "solemn declarations in open court carry a strong presumption of verity." *Id*. Accordingly, the Fifth Circuit Court of Appeals affords "great weight to the defendant's

---

[1]However, such a waiver does not preclude collateral attack where the defendant alleges ineffective assistance of counsel that directly affected the validity of the waiver itself or the defendant's plea. *United States v. White*, 307 F.3d 366, 343 (5th Cir. 2002). Defendant makes no such argument in this section 2255 motion.

3

statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Thus, a defendant who affirms, during re-arraignment, that his plea was knowing and voluntary, faces a heavy burden if he argues otherwise in a later proceeding. *United States v. Diaz*, 733 F.2d 371, 373–74 (5th Cir. 1984). Where a defendant fails to meet that burden, he cannot prevail on a section 2255 motion. *United States v. White*, 307 F.3d 366, 343 (5th Cir. 2002) ("[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief.").

In the written plea agreement he signed on April 5, 2012, Defendant expressly waived his right to appeal or collaterally attack his conviction or sentence. (Docket Entry No. 272.) Specifically, within paragraph 7 of the agreement, Defendant agreed that he was aware that "Title 28, U.S.C. § 2255, affords the right to contest or 'collaterally attack' a conviction or sentence" and that he "waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding." *Id*. Moreover, during his re-arraignment hearing on April 5, 2012, Defendant confirmed on the record that he understood that, in his written plea agreement, he waived his right to appeal or collaterally attack his conviction or sentence. (Docket Entry No. 714, pp. 18, 22). During that proceeding, Defendant also affirmed that

(a)     he had sufficient time to talk with his attorney regarding the case and was satisfied with him as counsel. *Id*., at 6;

(b)     he understood the rights that he would give up as a result of pleading guilty. *Id.*, at 7–12;

(c)     apart from those contained in the written plea agreement, the Government had not made any promises to him in connection with his guilty plea. *Id*., at 27; and

(d)     he was pleading guilty voluntarily, and no one had threatened him or forced him to plead guilty. *Id.*

The Government argues that, under the well-settled law, Defendant's waiver bars the pending section 2255 motion.  This Court agrees.  In *White*, the Fifth Circuit Court of Appeals affirmed the district court's denial of a defendant's section 2255 motion based on the waiver provisions of the defendant's plea agreement.  307 F.3d at 344.  White pleaded guilty pursuant to a plea agreement that included a waiver of his right to challenge his sentence under 28 U.S.C. § 2255.  He subsequently filed a *pro se* section 2255 motion, but the district court dismissed it, finding that the "waiver language in the plea agreement was clear and unambiguous and that White had knowingly and voluntarily waived" his right to file such a motion.  *Id*. at 339.  On appeal from that decision, the Fifth Circuit determined that White's claims for ineffective assistance of counsel during sentencing were barred by the waiver because he was not challenging the voluntariness of his plea.  *Id*. at 344.

*White* controls the instant case.  Defendant here alleges deficiencies in his counsel's performance at sentencing. He does not claim that his plea or his waiver of appellate and post-conviction rights was tainted by ineffective assistance of counsel.  Thus, the holding in *White* applies and Defendant's claims are barred by his waiver and are dismissed.

Regardless, Defendant's ineffective assistance of counsel claims have no merit, as shown below.

5

### *Ineffective Assistance of Counsel*

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

In his first claim, Defendant argues that counsel was ineffective in failing to object to the application of specific offense characteristics for use (or attempted use) of a minor during the offense, and the abduction and/or injury of one or more victims during the offense. The record, however, clearly establishes proper application of these characteristics. As described in the PSR, Defendant used or attempted to use a minor, identified as "W.J.," to flee from the bank robbery after police arrived. The PSR further described how members of the robbery crew in which Defendant participated pistol whipped two bank employees, causing injury, and forced other employees to move during the robbery, thus abducting them.

6

Defendant admitted in the factual basis for his plea that he was part of a crew that robbed banks using firearms, and his DNA was found on one of the firearms used during the offense. Defense counsel had no basis for objecting to these specific offense characteristics, and Defendant demonstrates neither deficient performance nor prejudice under *Strickland*.

Defendant fares no better on his second claim for ineffective assistance of counsel. In this argument, Defendant claims that counsel failed to object to the charge of discharging a firearm during the bank robbery. Defendant's self-serving assertion that "at no time" did he have a firearm is directly refuted by the presence of his DNA on one of the firearms recovered from the offense. As previously noted, Defendant admitted in his plea agreement that he was part of a crew that "robbed banks with firearms." He remains criminally responsible whether he himself used or discharged a weapon or one of his co-conspirators used or discharged the weapon. Defendant establishes no meritorious basis upon which counsel could have successfully raised an objection. Again, neither deficient performance nor actual prejudice are shown under *Strickland*.

### *Conclusion*

The Government's motion to dismiss (Docket Entry No. 769) is GRANTED. Defendant's section 2255 motion (Docket Entry No. 766) is DENIED.  A certificate of appealability is DENIED.

The Clerk of Court is ORDERED to administratively terminate the related civil case in this matter, C.A. No. H-15-3308.

Signed at Houston, Texas on May 11, 2016.

_____
Gray H. Miller
United States District Judge

8